IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOLENE A. WATERS                                                         PLAINTIFF

vs.                                     Civil No. 6:22-cv-06112

COMMISSIONER, SOCIAL                                              DEFENDANT
SECURITY ADMINISTRATION

### MEMORANDUM OPINION

Jolene A. Waters ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), a period of disability, and Supplemental Security Income ("SSI") under Tiles II and XVI of the Act

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications on March 23, 2020.  (Tr. 29).  In these applications, Plaintiff allege being disabled due to complex migraines, anxiety, PTSD, bipolar disorder, chronic pain/fatigue, menstruation issues, and asthma.  (Tr. 336).  Plaintiff alleges an onset

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

date of March 3, 2020.  (Tr. 29).  These applications were denied initially on July 6, 2020, and these applications were denied again on reconsideration on September 18, 2020.  *Id.*  Plaintiff then requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 87-128).

On April 22, 2021, Plaintiff's administrative hearing was held in Little Rock, Arkansas.  (Tr. 26-47).  At this hearing, Plaintiff and Vocational Expert ("VE") William Elmore testified.  *Id.* During this hearing, Plaintiff testified she was thirty-five (35) years old.  (Tr. 93-94).  Such an individual is defined as a "younger individual" under 20 C.F.R § 404.1563(c) and 20 C.F.R. § 416.963(c).  *Id.*  Plaintiff also testified she had associate degree in science with a concentration in criminal investigations.  (Tr. 94).

On November 29, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications.  (Tr. 26-42).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2025.  (Tr. 32, Finding 2).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 3, 2020, her alleged onset date.  (Tr. 32, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: migraine headaches, asthma, depression, anxiety, and post-traumatic stress disorder. (Tr. 32, Finding 3).  Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 32-35, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 35-40, Finding 5).  Specifically, the ALJ found Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except this individual can occasionally stoop, kneel, crouch, and crawl, but must avoid concentrated exposure to sunlight, temperature extremes, dust, fumes, humidity, chemicals, or other pulmonary irritants, and must avoid hazards such as unprotected heights or dangerous moving mechanical parts, and no driving or operating heavy industrial equipment. Mentally, this individual can only handle occasional interaction with the public and occasional changes in a routine work setting, but can understand, follow, and retain simple instructions and perform simple tasks that require little independent judgment to perform those tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of her PRW. (Tr. 40, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 41-42). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as the following: (1) price marker (light, unskilled) with 400,000 such jobs nationwide; (2) housekeeping cleaner (light, unskilled) with 230,000 such jobs nationwide; and (3) power screwdriver operator (light, unskilled) with 60,000 such jobs nationwide. *Id.* Based upon that finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from her alleged onset date (March 3, 2020) through the date of her decision (November 29, 2021). (Tr. 42, Finding 11).

Plaintiff sought review of the Appeals Council. (Tr. 1-7). On September 28, 2022, the Appeals Council denied Plaintiff's request for review. *Id.* On October 24, 2022, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 25, 2022. ECF No. 8. This case is now ready for decision.

**2.**   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred in finding her somatoform disorder was non-severe; (B) the ALJ erred by failing to assess Listings 12.02, 12.03, 12.04, 12.06, 12.07, and 12.15; and (C) the ALJ erred by failing to account for her repeated episodes of deterioration. ECF No. 13 at 1-22. The SSA has responded to these arguments and claims there is no basis for reversal. ECF No. 15. Upon review, this Court agrees with the SSA and finds the SSA has correctly argued there is no basis for reversal. The Court will consider each of Plaintiff's arguments separately.

**A.  Somatoform Disorders**

Plaintiff claims the ALJ erred by failing to consider mental impairment Listing 12.07 somatoform disorders (including conversion disorder) as a severe impairment. ECF No. 13 at 3-11. Plaintiff claims she believes her impairments qualify under this Listing because her doctor indicated he thought she suffered from a somatoform disorder: "Plaintiff said she was told by Dr. Downes that he felt she had conversion disorder." *Id.* at 5.

In her opinion, the ALJ assessed Plaintiff's alleged somatoform disorder and discounted it as a severe impairment as follows:

> The claimant also alleges disability for conversion disorder. She testified that she was advised by her psychiatrist that she had a conversion disorder one month prior to the hearing. She also testified that she was advised that the conversion disorder was the reason why she had the physical manifestations of left-sided numbness and paralysis. However, there is no diagnosis or assessment with a neuropsychologist that confirms or suggests a diagnosis of conversion disorder. While the claimant may indeed have been advised, there is no record of the diagnosis in the evidence that is submitted. As such, the claimant's conversion disorder is considered a non-medically determinable impairment. No symptom or combination of symptoms by itself can constitute a medically determinable impairment. Thus, regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings (SSR 96-4p).

(Tr. 32).

According to the transcript in this case, Plaintiff has not demonstrated she was ever diagnosed with a somatoform disorder, and the medical records from August of 2020 even state such a diagnosis was ruled out.  (Tr. 32).  Thus, the Court finds the ALJ properly assessed Plaintiff's alleged somatoform disorder, and there is no basis for reversal on this issue.

**B.  Listing Assessment**

Plaintiff claims the ALJ erred by failing to consider Listings 12.02, 12.03, 12.04, 12.06, 12.07, and 12.15.  ECF No. 13 at 11-18.  All of these Listings have different criteria that must be met for a claimant to qualify as disabled.  In her briefing, Plaintiff addressed the "B" and "C" criteria but not the "A" criteria for each.  *See* ECF No. 13 at 11-18.  To satisfy the requirements of a given Listing, the claimant must meet "*all* of the specified medial criteria."  *See Sullivan v. Zebley,* 493 U.S. 521, 530 (1990).  This includes the A through C criteria of each Listing.

Here, Plaintiff has not demonstrated—or provided briefing in an attempt to demonstrate—that she meets the specific requirements of any one of these given Listings. Because Plaintiff provides no analysis or briefing in support of her claims as to these Listings, they should be rejected. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (recognizing "[w]e reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he meets listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

### C. Episodes of Decompensation

Plaintiff claims the ALJ erred by failing "to account for Plaintiff's repeated episodes of deterioration." ECF No. 13 at 18-20. Again, however, apart from Plaintiff's claim that her doctor stated she might have a somatoform disorder, Plaintiff has provided no documentation demonstrating she suffers from such episodes of decompensation. Thus, this Court finds Plaintiff has offered no basis for reversal on this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of April 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE